IN THE UNITED STATES DISTRICT COURT
IN THE MIDDLE DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO. 1:24-CV-975

JAMES CAMPBELL,

    Plaintiff,

v.

CABARRUS COUNTY BOARD OF COMMISSIONS; AND STEVE MORRIS, IN HIS OFFICIAL CAPACITY AS BOARD CHAIRMAN,

    Defendants

**REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

NOW COME Defendants, Cabarrus County Board of Commissioners and Steve Morris, in his official capacity as Board Chairman ("Defendants"), by and through the undersigned counsel, and respectfully submit this Reply brief in support of their Motion to Dismiss the Complaint, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## **LEGAL ARGUMENT**

Mr. Campbell's First Amendment rights were not violated as the Public Participation Policy (the "Policy"), which precludes "personal, *ad hominem* attacks toward…county employees…" is a viewpoint neutral policy that serves a legitimate public interest. Moreover, the Board did not ban Mr. Campbell from speaking at public meetings.

1

### A. The Board Did Not Violate Mr. Campbell's First Amendment Right to Freedom of Speech or to Petition.

There does not seem to be a dispute that the meeting of the Cabarrus County Board of Commissioners (the "Board") was a limited forum, which allows the imposition of reasonable restrictions on speech. Accordingly, the pertinent issue is whether the Policy constituted a reasonable restriction.

The first portion of Mr. Campbell's argument rails against a policy that prohibits the public from "using names at Board meetings." However, the Policy, which is the actual policy at issue in this case, is not so rudimentary. As Mr. Campbell eventually acknowledges, the Policy prohibits "personal, ad hominem attacks." (Doc. 9 at p. 8). Mr. Campbell makes two arguments as to why the Policy violates his First Amendment rights.

First, based on cases from the Eleventh Circuit and the Eastern District of Virginia, he argues that restrictions on offensive or unwelcome speech are impermissible. However, the Fourth Circuit addressed this issue ruling "denying a speaker at the podium…the right to launch personal attacks does not interfere with what that speaker could say without employing such attacks." *Davison v. Rose*, 19 F.4th 626, 636 (4th Cir. 2021) *quoting Steinburg v. Chesterfield Cnty. Plan. Comm'n*, 527 F.3d 377, 387 (4th Cir. 2008).[1] In fact, Mr. Campbell appears to

---

[1] Plaintiff's attempt to distinguish Fourth Circuit precedent on their facts is unavailing. (Doc. 9 at p. 9). The relevance is that a policy prohibiting "personal attacks" is constitutional in the Fourth Circuit.

2

concede this point when he notes that *Steinburg* stands for the position that "members of the public may be restricted from bashing a public official for the sake of bashing…" (Doc. 9 at p. 10). Accordingly, binding precedent requires a finding that the Policy is constitutional on its face.

Mr. Campbell's second argument is that he did not engage in "personal, ad hominem attacks." As is clear from the video of the subject meeting, Mr. Campbell was not interrupted when he named names, criticized individuals, such as an attorney retained by the County, or when he suggested that the County should not renew that attorney's contract.[2]

The interruption occurred when Mr. Campbell labelled a county employee "corrupt," which was a personal attack on that individual. Plaintiff appears to argue that his allegation of corruption was germane to the discussion. However, the meeting was not focused on corruption, any investigation of malfeasance, or that individual. Further, Mr. Campbell did not detail any alleged actions by the identified individual that he considered corrupt; rather, he simply labelled her a "corrupt" person. If Mr. Campbell were truly concerned with corruption, he could have easily identified and criticized the acts he considered corrupt without

---

[2] The comments of Mr. Campbell begin at the 1:31:27 mark of the YouTube link cited in footnote 1 of the Complaint. Citations to, and review of, the video linked in the Complaint does not convert the motion from a Rule 12 motion to a Rule 56 motion as the Complaint expressly references the video, which is central to Plaintiff's claims. *See Williams v. Chase Manhattan Mortgage Corp.*, 2005 U.S. Dist. LEXIS 45605 at *15-17 (W.D.N.C. 2005).

3

resorting to a personal attack by labelling an individual as a "corrupt" person. In essence, he was "bashing" the individual "for the sake of bashing."

Accordingly, the Policy is constitutional under binding Fourth Circuit precedent and Mr. Campbell ran afoul of the Policy based on his comments.

**B. The Board Did Not Ban Mr. Campbell.**

Mr. Campbell contends he was "effectively" banned and "understood" he was banned from Board meetings for 90 days. There are no allegations, let alone evidence, that Mr. Campbell was ever informed he was personally banned; and, there are no allegations, let alone evidence, that he was refused entry to any Board meeting or was precluded from speaking.

The entirety of his argument is that another person, identified as Jeeter Anderson, received warning during his comments that he had violated the Policy on numerous occasions, had been warned of his violations, and that if **he** violated the Policy again, **he** would be removed by the deputies and banned from public comment for a period of 90 days.[3] In fact, Mr. Anderson can be heard responding to this warning by arguing, in effect, his comments were not in violation of the Policy - demonstrating that he understood the warning of a ban was directed at him personally.

---

[3] The comments of Mr. Anderson begin at 1:20:20 mark of the YouTube link cited in footnote 1 of the Complaint. The warning to Mr. Anderson begins at 1:24:00 mark of the YouTube link. Citations to, and review of, the video linked in the Complaint does not convert the motion from a Rule 12 motion to a Rule 56 motion as the Complaint expressly references the video, which is central to Plaintiff's claims. *See Williams*, 2005 U.S. Dist. LEXIS at *15-17.

4

There are no allegations, let alone evidence, that Mr. Campbell, or anyone else, was threatened with a ban. The Court does not need to defer to the facts as alleged in Mr. Campbell's Complaint, to the extent they conflict with the video of the Board meeting. *See Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166-167 (4th Cir. 2016) (crediting the facts as presented in an exhibit attached or incorporated into the complaint over conflicting allegations in a complaint is proper when ruling on a motion to dismiss). Mr. Campbell's "understanding" that he was banned based on what was communicated to a different individual cannot serve as the basis for a claim that his First Amendment rights were violated (even if a ban for violating the Policy were a violation of an individual's rights). Accordingly, Mr. Campbell does not have a legal cause of action arising from any alleged ban.

## CONCLUSION

For the above stated reasons, Defendants respectfully request that the Court dismiss with prejudice any and all claims asserted against them.

This the 27th day of February, 2025.

/s/ JAMES D. MCALISTER
Bar No: 35432
McAngus Goudelock & Courie
Post Office Box 30307
Charlotte, North Carolina 28230
Phone: (704) 405-4638
Fax: (704) 643-2376

5

Email: jmcalister@mgclaw.com
Attorney for Cabarrus County Board of Commissioners and Steve Morris, in his official capacity as Board Chairman

## CERTIFICATE OF COMPLIANCE

Pursuant to LR 7.3(d)(1), counsel for Defendants certifies that the foregoing Brief does not exceed 3,125 words (excluding caption, signature lines, Certificate of Compliance, and Certificate of Service) in compliance with the Rule LR 7.3(d)(1).

This the 27th day of February, 2025.

/s/JAMES D. MCALISTER

## CERTIFICATE OF SERVICE

I hereby certify that on the date above, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

    Email: bdougherty@libertyjusticecenter.org
    M.E. Buck Dougherty
    Liberty Justice Center
    7500 Rialto Boulevard, Suite 1-250
    Austin, Texas 78735
    Attorney for James Campbell

    Email: tshelton@dowlingfirm.com
    Troy D. Shelton
    Dowling PLLC
    3801 Lake Boone Trail, Suite 260
    Raleigh, North Carolina 27607
    Attorney for James Campbell

    /s/ JAMES D. MCALISTER

8

Case 1:24-cv-00975-WO-JLW    Document 10    Filed 02/27/25    Page 8 of 8