IN THE UNITED STATES DISTRICT COURT
IN THE MIDDLE DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO. 1:24-CV-975-JPB-JLW

JAMES CAMPBELL,

    Plaintiff,

v.

CABARRUS COUNTY BOARD OF COMMISSIONS; AND STEVE MORRIS, IN HIS OFFICIAL CAPACITY AS BOARD CHAIRMAN,

    Defendants.

**ANSWER TO COMPLAINT**

NOW COME Defendants, Cabarrus County Board of Commissioners and Steve Morris, in his official capacity as Board Chairman, by and through undersigned counsel, and respond to Plaintiff's Complaint as follows:

**INTRODUCTION**

1. Defendants admit, upon information and belief, that Plaintiff James Campbell is a Cabarrus County resident. Except as admitted, the remaining allegations contained in Paragraph 1 of Plaintiff's Complaint are denied as alleged.

2. Defendants admit that during the public comment period of a Board meeting, Mr. Campbell spoke, and stated the name of a public official as well as public employees. The remaining allegations contained in Paragraph 2 of Plaintiff's

Complaint are denied.

3. Defendants admit that Plaintiff asked to see a copy of the policy. The remaining allegations contained in Paragraph 3 of Plaintiff's Complaint are denied as alleged.

4. Defendants admit that Plaintiff made statements regarding the exercise of his First Amendment rights, before leaving the meeting. The remaining allegations contained in Paragraph 4 of Plaintiff's Complaint are denied as alleged.

5. The allegations contained in Paragraph 5 of Plaintiff's Complaint are denied.

6. The allegations contained in Paragraph 6 of Plaintiff's Complaint are denied.

## PARTIES

7. The allegations contained in Paragraph 7 of Plaintiff's Complaint are admitted, upon information and belief.

8. The allegations contained in Paragraph 8 of Plaintiff's Complaint are admitted.

9. Defendants admit that Defendant Steve Morris was the former Chairman of the Board.

## JURISDICTION AND VENUE

10. The allegations contained in Paragraph 10 of Plaintiff's Complaint

attempt to set forth legal conclusions, to which no response is required.

11. The allegations contained in Paragraph 11 of Plaintiff's Complaint are admitted.

## FACTUAL ALLEGATIONS

12. The allegations contained in Paragraph 12 of Plaintiff's Complaint are admitted, upon information and belief.

13. Defendants admit that at the March 18, 2024 Board meeting, Plaintiff spoke and named several individuals, including county officials and employees, during his comments. The remaining allegations contained in Paragraph 13 of Plaintiff's Complaint are denied as alleged.

14. The allegations contained in Paragraph 14 of Plaintiff's Complaint are denied as alleged.

15. The allegations contained in Paragraph 15 of Plaintiff's Complaint are admitted, upon information and belief. The video of these proceedings referenced in Plaintiff's Complaint is the best evidence of the statements made by those speaking during public comment, as well as members of the Board. To the extent that any of the allegations contained in Paragraph 15 of Plaintiff's Complaint are contrary to the recording of the proceedings, the same are denied.

16. The allegations contained in Paragraph 16 of Plaintiff's Complaint are admitted.

17. Defendants admit that an individual who spoke during the public comment period used the name of public officials and public employees. Defendants further admit that Commissioner Wortman referenced the policy and requested Defendant Morris to address the issue. The video of these proceedings referenced in Plaintiff's Complaint is the best evidence of the statements made by those speaking during public comment, as well as members of the Board. To the extent that any of the allegations contained in Paragraph 17 of Plaintiff's Complaint are contrary to the recording of the proceedings, the same are denied.

18. Defendants admit that Defendant Morris responded to Commissioner Wortman's request to address the issue. The video of these proceedings referenced in Plaintiff's Complaint is the best evidence of the statements made by those speaking during public comment, as well as members of the Board. To the extent that any of the allegations contained in Paragraph 18 of Plaintiff's Complaint are contrary to the recording of the proceedings, the same are denied.

19. Defendants admit that Defendant Morris responded to Commissioner Wortman's request to address the issue. The video of these proceedings referenced in Plaintiff's Complaint is the best evidence of the statements made by those speaking during public comment, as well as members of the Board. To the extent that any of the allegations contained in Paragraph 19 of Plaintiff's Complaint are contrary to the recording of the proceedings, the same are denied.

20. The allegations contained in Paragraph 20 of Plaintiff's Complaint are denied as alleged. Plaintiff began to use the name of county employees. By way of further response, the video of these proceedings referenced in Plaintiff's Complaint is the best evidence of the statements made by those speaking during public comment, as well as members of the Board. To the extent that any of the allegations contained in Paragraph 20 of Plaintiff's Complaint are contrary to the recording of the proceedings, the same are denied.

21. Defendants admit that Plaintiff requested a copy of the Policy. Defendants deny no action was taken to provide Plaintiff with a copy of the Policy. By way of further response, the video of these proceedings referenced in Plaintiff's Complaint is the best evidence of the statements made by those speaking during public comment, as well as members of the Board. To the extent that any of the allegations contained in Paragraph 21 of Plaintiff's Complaint are contrary to the recording of the proceedings, the same are denied.

22. The video of these proceedings referenced in Plaintiff's Complaint is the best evidence of the statements made by those speaking during public comment, as well as members of the Board. To the extent that any of the allegations contained in Paragraph 22 of Plaintiff's Complaint are contrary to the recording of the proceedings, the same are denied.

23. Defendants admit deputies approached Mr. Campbell. Defendants

deny that the deputies escorted him out of the room. Defendants admit that Mr. Campbell walked calmly out of the room behind the deputies.

24. Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 24 of Plaintiff's Complaint. To the extent any response is required, the same are denied.

25. Defendant admits there was a "Public Participation Page" on its website on May 15, 2022.

26. The Public Participation Page referenced in Plaintiff's Complaint is the best evidence of its contents. To the extent any of the allegations contained in Paragraph 26 of Plaintiff's Complaint are contrary to the contents of the Public Participation Page, the same are denied.

27. The Public Participation Page referenced in Plaintiff's Complaint is the best evidence of its contents. To the extent any of the allegations contained in Paragraph 27 of Plaintiff's Complaint are contrary to the contents of the Public Participation Page, the same are denied.

28. Defendants admit that Clerk Laura Linker was present at the April 2024 Board meeting. The remaining allegations contained in Paragraph 28 of Plaintiff's Complaint are denied as alleged.

29. The allegations contained in Paragraph 29 of Plaintiff's Complaint are denied.

30. The allegations contained in Paragraph 30 of Plaintiff's Complaint are admitted. However, Defendants deny that Plaintiff actually requested a copy of the Public Participation Policy in his records request.

31. Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 31 of Plaintiff's Complaint. However, Defendants deny that Plaintiff was banned for 90 days.

32. Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 32 of Plaintiff's Complaint. To the extent any response is required, the same are denied.

## CLAIMS FOR RELIEF

### COUNT ONE

**The Board's policy against name government employees' names and its exclusion of Plaintiff based on that policy violate the First Amendment right to freedom of speech.**

33. Defendants hereby reallege and incorporate herein by reference their responses to the allegations contained in Paragraphs 1 through 32 of Plaintiff's Complaint as if fully set forth herein.

34. The allegations contained in Paragraph 34 of Plaintiff's Complaint are not directed towards Defendants, and do not require any response from Defendants.

35. The allegations contained in Paragraph 35 of Plaintiff's Complaint are

denied.

36. The allegations contained in Paragraph 36 of Plaintiff's Complaint are denied.

37. The allegations contained in Paragraph 37 of Plaintiff's Complaint are denied.

38. The allegations contained in Paragraph 38 of Plaintiff's Complaint are denied.

39. The allegations contained in Paragraph 39 of Plaintiff's Complaint are denied.

## COUNT TWO

**The Board's policy against naming government employees' names and its exclusion of Plaintiff based on that policy violate the First Amendment right to petition.**

40. Defendants hereby reallege and incorporate herein by reference their responses to the allegations contained in Paragraphs 1 through 39 of Plaintiff's Complaint as if fully set forth herein.

41. The allegations contained in Paragraph 41 of Plaintiff's Complaint are not directed toward these Defendants, and do not require a response.

42. With respect to the allegations contained in Paragraph 42 of Plaintiff's Complaint, Defendants admit that the County commission board meeting public comment period represents a limited public forum.

43. The allegations contained in Paragraph 43 of Plaintiff's Complaint are denied.

44. The allegations contained in Paragraph 44 of Plaintiff's Complaint are denied.

45. The allegations contained in Paragraph 45 of Plaintiff's Complaint are denied.

46. The allegations contained in Paragraph 46 of Plaintiff's Complaint are denied.

47. The allegations contained in Paragraph 47 of Plaintiff's Complaint are denied.

## COUNT THREE

**The Board's exclusion of Plaintiff from its meetings violates his First Amendment Rights to Freedom of Speech and to Petition his Government.**

48. Defendants hereby reallege and incorporate herein by reference their responses to the allegations contained in Paragraphs 1 through 47 of Plaintiff's Complaint as if fully set forth herein.

49. The court previously dismissed Count Three of Plaintiff's Complaint by Order filed March 12, 2025. As such, no response to the allegations contained in Paragraph 49 of Plaintiff's Complaint is required by Defendants.

50. The court previously dismissed Count Three of Plaintiff's Complaint by Order filed March 12, 2025. As such, no response to the allegations contained

in Paragraph 40 of Plaintiff's Complaint is required by Defendants.

51. The court previously dismissed Count Three of Plaintiff's Complaint by Order filed March 12, 2025. As such, no response to the allegations contained in Paragraph 51 of Plaintiff's Complaint is required by Defendants.

52. The court previously dismissed Count Three of Plaintiff's Complaint by Order filed March 12, 2025. As such, no response to the allegations contained in Paragraph 52 of Plaintiff's Complaint is required by Defendants.

53. The court previously dismissed Count Three of Plaintiff's Complaint by Order filed March 12, 2025. As such, no response to the allegations contained in Paragraph 53 of Plaintiff's Complaint is required by Defendants.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or limited by government immunity and/or sovereign immunity.

## THIRD AFFIRMATIVE DEFENSE

Defendants contend by virtue of Plaintiff's conduct, Plaintiff should be barred from recovering against Defendants by the equitable doctrines of waiver, estoppel, laches, and unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole, or in part, by the law as articulated in prior case rulings.

## FIFTH AFFIRMATIVE DEFENSE

Defendants incorporate by reference the documents and materials referenced in Plaintiff's Complaint, and give notice that they intend to rely on any affirmative defenses raised by said documents or materials, in accordance with Rule 10(c) of the Federal Rules of Civil Procedure.

WHEREFORE, Defendants respectfully pray that the Court order as follows:

1. That the Complaint of the Plaintiff be dismissed;

2. That, in the alternative, the Plaintiff have and recover nothing of Defendants by way of this action;

3. That all issues of fact be tried by a jury;

4. That the cost of this action, including Defendants' reasonable attorneys' fees, be taxed against the Plaintiff; and;

5. That Defendants have and recover any other and further relief that the Court may deem just and proper.

This the 26th day of March, 2025.

                                                   s/ James D. McAlister
                                                   JAMES D. MCALISTER, Bar No: 35432
Attorney for Cabarrus County Board of Commissioners and Steve Morris
McAngus Goudelock & Courie, PLLC
6302 Fairview Road, Suite 700
Charlotte, North Carolina 28210
**Mailing Address:** Post Office Box 30307
Charlotte, NC 28230
(704) 643-6303
jmcalister@mgclaw.com

12

## CERTIFICATE OF SERVICE

I hereby certify that on March 26, 2025 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

      M.E. Buck Dougherty – Email: Bdougherty@libertyjusticecenter.org
      Noelle Daniel – Email: ndaniel@libertyjusticecenter.org
      Emily Rae – Email: erae@libertyjusticecenter.org
      Liberty Justice Center
      7500 Rialto Boulevard, Suite 1-250
      Austin, Texas 78735
      Attorney for James Campbell

      Email: tshelton@dowlingfirm.com
      Troy D. Shelton
      Dowling PLLC
      3801 Lake Boone Trail, Suite 260
      Raleigh, North Carolina 27607
      Attorney for James Campbell

This the 26th day of March, 2025.

                                                s/ James D. McAlister
                                                JAMES D. MCALISTER