IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

**JAMES CAMPBELL,**

    Plaintiff,

v.                                                    **CIV. ACT. NO. 1:24-CV-975**
                                                          Judge Bailey

**CABARRUS COUNTY BOARD OF COMMISSIONERS;** and **STEVE MORRIS,**
in his official capacity as Board Chairman,

    Defendants.

## SCHEDULING ORDER

Pursuant to Federal Rules of Civil Procedure ("FED. R. CIV. P.") 16(b) & 26(f), it is hereby **ORDERED** that the below listed dates be adopted subject to the definitions following hereinafter:

1. FED.R. 26(a)(3) Disclosures: **December 20, 2025**
   a. Objections: **December 27, 2025**

2. Voir Dire, Jury Instructions, and Verdict Form: **December 20, 2025**
   a. Objections: **December 27, 2025**

3. Motions in Limine: **December 20, 2025**
   a. Objections: **December 27, 2025**

4. Biographical Sketches: **December 20, 2025**

5. Joint Pretrial Order: **January 5, 2026**

6. Final Pretrial Conference: **January 8, 2026, at 11:00 a.m., via Zoom**

7. Jury Trial: **January 12, 2026, at 9:00 a.m., in Greensboro, NC, Courtroom #2**

1. **Pretrial Disclosures FED. R. CIV. P. 26(a)(3):** Final pretrial disclosures, to include trial witness list, depositions and interrogatories for use at trial, and trial exhibit lists

1

as further defined by F‍ED. R. C‍IV. P. 26(a)(3) shall be filed and exchanged on or before **December 20, 2025.** A trial exhibit binder from each party will be exchanged and sent to the Judge's law clerk on the same date, with exhibits marked and tabbed in numerical sequence. <u>Original</u> exhibits shall be submitted to the Clerk at trial and should <u>not</u> be tendered to the Clerk prior to trial.

    a. **<u>Objections</u>:** Objections to the above must be filed in writing and submitted by **December 27, 2025**, for consideration at the Final Pretrial Conference.

    **2. <u>Jury Instructions, Voir Dire, and Verdict Form</u>:** Proposed jury instructions of law are to be provided on substantive theories of recovery or defense, on damages and on evidentiary matters peculiar to the case, together with citation to pertinent statutory and/or case authority (and along with a copy of the specific page reference attached thereto). The instructions are to be numbered consecutively to identify the party submitting them, to have a title setting forth the subject matter of the instruction and to be set forth on separate pages. No more than twenty (20) instructions are to be submitted unless leave is granted by the Court. Special interrogatories and verdict forms, if any are appropriate to the case, will also be provided as well as all proposed voir dire questions requested by counsel for submission to the jury by the Court and shall be exchanged by counsel and delivered to the Clerk no later than **December 20, 2025.** These three items should not be filed in a combined document but should be filed individually with specific document titles and a case style.

    a. **<u>Objections</u>:** Objections to all of the above must be filed separately in writing with a specific document title and case style no later than **December 27, 2025.** In addition,

the Court will not accept instructions after the Final Pretrial Conference unless such instructions result from amending those previously submitted.

**(If the instructions and voir dire in this case are typed on a computer, counsel are requested to provide to the court a disk labeled with the case name and the party proposing the instructions in a format compatible with WordPerfect 12. The envelope containing the disk should be marked "Contains Disk -- Do Not X-Ray -- May Be Opened for Inspection." The disk will be returned to counsel if requested.)**

3. **Motions in Limine**: All motions in limine must be accompanied by short statements (generally not more than a paragraph) of applicable memoranda of law and filed with the Clerk not later than **December 20, 2025**. All motions in limine must be numbered consecutively with a title listing the subject matter of the motion.

a. **Responses**: Responses to such motions, which also must be accompanied by a short statement of applicable law, shall be filed by counsel on or before **December 27, 2025**.

4. **Biographical Sketches**: Biographical sketches of any proposed expert witness shall be filed with the Court and with opposing counsel by **December 20, 2025**.

5. **Joint Pretrial Order**: A joint pretrial order (meaning that the parties combine their presentations into one document) shall be submitted to the Court not later than **January 5, 2026**. The joint pretrial order **shall contain ONLY the matters set forth below, unless additional items are added by joint agreement of the parties,** in the **following order**:

(1) the pretrial disclosures required by FED. R. CIV. P. 26(a)(3), including witness and exhibit lists and any objections thereto;

(2) contested issues of law requiring a ruling before trial;

(3) a realistic, brief statement by counsel for plaintiff(s) and third-party plaintiff(s) of essential elements that must be proved to establish any meritorious claim remaining for adjudication and the damages or relief sought, accompanied by supporting legal authorities;

(4) a realistic, brief statement by counsel for defendant(s) and third-party defendant(s) of essential elements that must be proved to establish any meritorious defense(s), accompanied by supporting legal authorities. Corresponding statements must also be included for counterclaims and cross-claims;

(5) a brief summary of the material facts and theories of liability or defense;

(6) a single listing of the contested issues of fact and a single listing of the contested issues of law, together with case and statutory citations;

(7) stipulations;

(8) suggestions for the avoidance of unnecessary proof and cumulative evidence;

(9) suggestions concerning any need for adopting special procedures for managing potentially difficult or protracted aspects of the trial that may involve complex issues, multiple parties, difficult legal questions or unusual proof problems;

(10) a statement of all damages claimed, including an itemized list of special damages;

(11) a statement setting forth a realistic estimate of the number of trial days required; and

(12) any other matters relevant for pretrial discussion or disposition, including those set forth in FED. R. CIV. P. 16.

6. <u>**Final Pretrial Conference**</u>: The Final Pretrial Conference shall be held on **January 8, 2026, at 11:00 a.m., via Zoom**.[1] The conference shall be attended by <u>lead trial counsel</u> for each represented party and all unrepresented parties. Counsel shall be prepared to participate fully and to discuss all aspects of the case as well as the matters set forth in the Joint Pretrial Order previously submitted.

At least one of the attorneys for each party and all unrepresented parties participating in the Pretrial Conference, or any conference before trial, shall have authority to make decisions as to settlement, stipulations and admissions on all matters that participants reasonably anticipate may be discussed. Counsel and parties are subject to sanctions for failure to comply with this requirement and for lack of preparation specified in FED. R. CIV. P. 16(f) respecting pretrial conferences or orders.

7. <u>**Jury Trial**</u>: Jury selection in this action shall be held on **January 12, 2026, at 9:00 a.m., in Greensboro, North Carolina**. Trial will commence upon the completion of jury selection.

Testing of any courtroom technology, if intended to be used at trial, shall be **coordinated with the Greensboro Clerk's Office** and conducted at least **three (3) business days** before the commencement of trial.

---

[1]The undersigned's Career Law Clerk will email the parties the Zoom information on or before January 5, 2026.

The Court's practice is to keep side-bar conferences to the absolute minimum and will generally allow objections to be more fully explained on the record after testimony for the day has concluded and the jury has been released.

A party or parties requesting a continuance must contact all other parties to determine three possible dates to which to move the deadline or hearing. The moving party must specify these three possible dates within the motion to continue. If any party or parties object to a continuance, that fact shall be noted in the motion.

**8. Deadlines Final:** The time limitations set forth above shall not be altered except for cause by Order. A party or parties requesting a continuance must first meet and confer with all of the other parties in an attempt to reach an agreement as to three (3) possible non-consecutive dates to which to move the deadline or hearing. If an agreement is reached, the moving party must specify these three (3) possible non-consecutive dates within the motion to continue. If the parties cannot reach an agreement, then each party must advise the Court of their suggested dates.

**9. Finality of Scheduling Order:** Unless authorized by the Court, the above dates and requirements of this Scheduling Conference Order are **FINAL**. Therefore, **NO** additional evidence developed as a result of deviations from the above will be admissible at trial, and no untimely motions will be considered.

All dates for submissions, deliveries, and filings with the Clerk of the District Court refer to the date the materials must be actually <u>received</u> and not the mailing date.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED:** October 8, 2025.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE

7